Doris EINHORN, Plaintiff,

v.

**CAREPLUS HEALTH PLANS, INC., Defendant.**

**Case No. 14–61135–CIV.**

United States District Court, S.D. Florida.

Signed Aug. 15, 2014.

Filed Aug. 18, 2014.

Marcus W. Viles, Michael Lewis Beckman, Viles & Beckman LLC, Fort Myers, FL, for Plaintiff.

Pierre Henri Bergeron, Squire Patton Boggs (U.S.) LLP, Cincinnati, OH, Kimberly J. Donovan, Squire Patton Boggs (U.S.) LLP, Miami, FL, for Defendant.

### ORDER ON PLAINTIFF'S MOTION TO REMAND

BETH BLOOM, District Judge.

**THIS CAUSE** is before the Court upon Plaintiff Doris Einhorn's Motion to Remand, ECF No. [7]. Einhorn commenced this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. She alleges that the Defendant, CarePlus Health Plans, Inc. ("CarePlus"), violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter the "FCCPA") by, among other things, seeking or threatening to collect on debts that were not owed and/or by misrepresenting the amounts due.

 CarePlus removed the case to Federal Court pursuant to 28 U.S.C. § 1442(a)(1) on the ground that its actions were made under the direction of a federal agency, the Centers for Medicare & Medicaid Services ("CMS"). Einhorn seeks to have the case remanded to the Circuit Court. "A state-court action against any person acting under the direction of an officer of the United States or its agencies can be removed to federal court pursuant to § 1442(a)(1)." *Marley v. Elliot Turbomachinery Co., Inc.,* 545 F.Supp.2d 1266, 1271 (S.D.Fla.2008). Even where federal jurisdiction may not be apparent within the four corners of a complaint, Congress has provided § 1442(a)(1) as means for a federal court to hear cases "where federal officials must raise defenses arising from their official duties." *Id.* at 1271 (quoting *Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424, 1427 (11th Cir.1996)).

 A defendant may remove a case to federal court under § 1442(a)(1) if two elements are met. "First, the defendant must advance a 'colorable defense arising out of [his] duty to enforce federal law.'" *Magnin,* 91 F.3d at 1427 (quoting *Mesa v. California,* 489 U.S. 121, 133, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989) (further citations omitted)). "Second, the defendant must establish that there is a 'causal connection between what the officer has done under asserted official authority' and the

action against him." *Id.* (quoting *Maryland v. Soper*, 270 U.S. 9, 33, 46 S.Ct. 185, 70 L.Ed. 449 (1926)). The federal defense need only be "colorable;" the defendant need not establish that he will necessarily be successful. *Magnin*, 91 F.3d at 1429.

CarePlus seeks removal under the federal officer statute because the acts the Plaintiff complains of were actions that CarePlus took while it was acting under the direction of the Centers for Medicare & Medicaid Services ("CMS"). CarePlus has a contract with CMS to administer Medicare benefits through its Medicare Advantage plans. Congress specifically authorized Medicare beneficiaries to receive Medicare coverage through private plans such as CarePlus. 42 U.S.C. § 1395w–21(a)(1)(A); 42 U.S.C. § 1395w–22 *et seq.* The Plaintiff, Doris Einhorn, is a Medicare beneficiary and a member of one of CarePlus's Medicare Advantage plans.

In March, 2009, while she was a member of CarePlus' plan, Einhorn sustained injuries from a slip and fall. She received medical treatment for those injuries and CarePlus made conditional payments for those medical expenses. Einhorn settled a tort claim arising out of the slip and fall and CarePlus sought reimbursement of the medical expenses it paid on her behalf. Einhorn complains that CarePlus initially overstated the amount that CarePlus was entitled to recover from her, thus violating Florida's Consumer Collection Protection Act.

Under federal law, when another party may be responsible for a Medicare beneficiary's medical expenses, the medical expenses can be conditionally paid by Medicare (or the Medicare Advantage plan). Then, if the beneficiary recovers payments from a third party tortfeasor or a liability insurance policy, Medicare (or the Medicare Advantage plan) can seek reimbursement of the amounts it paid on behalf of the beneficiary. *See* 42 U.S.C. § 1395w–22(A)(4)(A)–(B); 42 C.F.R. § 422.108(d); 42 C.F.R. § 411.37. There is a formula for reducing the amount that may be recovered when the beneficiary received payment under a disputed claim and incurred expenses in obtaining the recovery. 42 C.F.R. § 411.37(a), (c).

Einhorn contends that CarePlus did not follow the formula and violated Florida law by demanding payment of an amount that was greater than what was due. She argues that hers is a state court claim over which this court has no jurisdiction. CarePlus contends that at all times it was acting pursuant to the rules and regulations promulgated by CMS and was therefor acting "under the direction" of federal officers and agencies for purposes of the removal statute. CarePlus also contends that is has several defenses based on federal law, including Einhorn's failure to exhaust administrative remedies under the Medicare Act and federal preemption of the FCCPA.

■ CarePlus' removal petition demonstrates that federal jurisdiction over this claim is proper. "The extent to which federal law imposes certain requirements upon [CarePlus] as a [Medicare Advantage plan] and whether it may afford [it] any corresponding protection ... from ... liability, are issues of federal law." *Magnin*, 91 F.3d at 1428. The court need not at this moment rule on the merits of Care-Plus' defenses. "All a removing defendant needs to do is make a showing that his federal defense 'is not without foundation and made in good faith.'" *Marley*, 545 F.Supp.2d at 1271 (quoting *Nesbiet v. Gen. Electric*, 399 F.Supp.2d 205, 211 n. 44 (S.D.N.Y.2005)). CarePlus has met this burden.

Plaintiff's reliance on *Daout v. Greenspoon Marder P.A.*, 2013 WL 2329931 (S.D.Fla. May 28, 2013) does not compel a different result. That case involved a law firm collecting unpaid fees under a fee agreement. The case did not involve any exercise of federal authority by the defendant. In contrast, CarePlus has made a colorable showing that its entire relationship with the Plaintiff and the acts for which it was being sued were defined and governed by federal law. For these reasons, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand, **ECF No. [7]**, is **DENIED**.